UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| HAROLD MALIN and SANDRA JOAN : <br> MALIN REVOCABLE TRUST, : <br> Individually and On Behalf of Others : <br> Similarly Situated, : <br>     Plaintiff, : <br>   vs. : <br> : <br> XL CAPITAL LTD., et al., : <br>     Defendants. : | Civil No. 3:03cv2001 (PCD) |

**RULING ON DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants move to dismiss the Second Amended Complaint for lack of subject matter jurisdiction. For the reasons stated below, Defendants' Motion [Doc. No. 99] is **granted**.

**I.     BACKGROUND:**[1]

Plaintiffs bring this action alleging violations of § 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, (Count One); as well as § 20(a) of the Securities Exchange Act (Count Two). The crux of Plaintiffs' allegations is that Defendants knowingly issued false and misleading statements regarding the Company's financial condition by failing to adequately reserve for losses in its "Nac Re" reinsurance operations. As a consequence of these misrepresentations, securities shares sold at inflated prices which later fell after the truth became known to the market.

On February 3, 2005, Defendants filed a Motion to Dismiss the Amended Complaint

---

[1] A detailed summary of the allegations in the Amended Complaint is not necessary. As needed, additional allegations will be discussed below.

pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). That Motion is currently pending before the Court. Subsequently, on August 1, 2005, after the Supreme Court's decision in <u>Dura Pharmaceuticals., Inc. v. Broudo</u>, __ U.S. __, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005), Defendants filed another Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) alleging a failure to meet the standard set forth in <u>Dura Pharmaceuticals</u>. The latter Motion is the subject of this Ruling.

**II.    STANDARD OF REVIEW:**

Defendants characterize the Motion as made pursuant to Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion seeks dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of establishing subject matter jurisdiction lies with the plaintiff. <u>Malik v. Meissner</u>, 82 F.3d 560, 562 (2d Cir. 1996)

Plaintiffs contend, however, that the Motion is not properly considered under 12(b)(1) and is more appropriately considered under Rule 12(b)(6). To the extent that Plaintiffs are correct, such a motion is only properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>In re Scholastic Corp. Sec. Litig.</u>, 252 F.3d 63, 69 (2d Cir. 2001), <u>quoting</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984). A motion to dismiss must be decided on the facts alleged in the complaint. <u>Merritt v. Shuttle, Inc.</u>, 245 F.3d 182, 186 (2d Cir. 2001). All facts in the complaint are assumed to be true and are considered in the light most favorable to the non-movant. <u>Manning v. Utilities Mut. Ins. Co., Inc.</u>, 254 F.3d 387, 390 n.1 (2d Cir. 2001).

When a party moves to dismiss under Fed. R. Civ. P. 12(b)(1) as well as other bases such as 12(b)(6), "the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections

become moot and do not need to be determined." Rhulen Agency, Inc. v. Alabama Ins. Guaranty Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

**III. DISCUSSION:**

Plaintiffs argue that Defendants' Motion "is nothing more than a transparent attempt to improperly file a second 12(b)(6) motion." Pl. Mem. Opp. Mot. at 1. As a consequence, Plaintiffs argue because the arguments raised in this Motion were not raised in the first Motion to Dismiss, Fed. R. Civ. P. 12(g) requires that the arguments be considered waived. Id. While Rule 12(g) does provide for waiver of certain arguments if not made in a motion or responsive pleading, the argument that a party fails to state a claim under 12(b)(6) is expressly excluded from that provision by 12(h)(2). See Fed. R. Civ. P. 12(h)(2) ("A defense of failure to state a claim upon which relief can be granted ... may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits"). Indeed, the Second Circuit has stated that "the defense of failure to state a claim is not waivable." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).[2] Furthermore, as Defendants' original Motion has not yet been ruled on, the Court could simply treat this Motion as a supplement to the former. Thus, under either standard, 12(b)(1) or 12(b)(6), the Court may consider the arguments raised.

As to whether Defendants' Motion is properly considered under 12(b)(1) or 12(b)(6), it is appropriate to look to the basis of the Motion, namely the Supreme Court's decision in Dura

---

[2] This is not to encourage piecemeal motion practice or to hold that parties may file motions whenever they please. The Court has the power to enter a scheduling order which may set deadlines for the filing of motions and for a which a party much show good cause to amend. See Fed. R. Civ. P. 16(b). Under the circumstances, namely the Supreme Court's recent decision in Dura Pharmaceuticals, the Court finds good cause.

Pharmaceuticals., Inc. v. Broudo, __ U.S. __, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The procedural history of that case makes clear that the district court dismissed pursuant to 12(b)(6), see In re Dura Pharms., Inc. Secs. Litig., Civil No. 99cv0151-L(NLS), 2001 U.S. Dist. LEXIS 25907 (D. Cal. Nov. 2, 2001), and nowhere in the Supreme Court's decision is jurisdiction mentioned. Rather, the Supreme Court deals with the issue of causation, which it expressly described as an element of the offense. See Dura Pharmaceuticals., 125 S. Ct. at 1631 (listing material misrepresentation, scienter, connection with the purchase or sale of a security, reliance, economic loss, and loss causation as the "basic elements" of a case "involving publicly traded securities and purchases or sales in public securities markets"). It goes without saying that causation is a basic element of any tort claim. Defendants argue that because Plaintiffs' causation theory and allegations of economic loss are flawed, there is no case or controversy and by extension, no jurisdiction. Def. Reply Br. at 9. To agree with this argument would render any 12(b)(6) motion challenging damages or causation as reaching both standing and the Court's jurisdiction. This is simply not the case. As stated, economic loss and loss causation are elements of the offense, Dura Pharmaceuticals., 125 S. Ct. at 1631, which the Supreme Court dealt with on appeal from the grant of a 12(b)(6) motion, not 12(b)(1). The Court therefore construes Defendants' Motion as made under 12(b)(6) and considers it as such.

The Supreme Court in Dura Pharmaceuticals rejected the Ninth Circuit's legal conclusion that, in order to establish loss and causation, a plaintiff need only prove that "the price on the date of purchase [of the securities at issue] was inflated because of the misrepresentation." 125 S. Ct. at 1631 (quotation omitted). As such, the plaintiff's allegations that they paid artificially inflated prices and suffered damages were insufficient, as an "'artificially inflated purchase price' is not

itself a relevant economic loss" and "the complaint nowhere else provides the defendants with notice of what the relevant economic loss might be or of what the causal connection might be between that loss and the misrepresentation." Id. at 1634. Specifically, the Court noted that "as a matter of pure logic" an artificially inflated purchase price is not by itself an economic loss at the moment of the transaction as the immediate value of the security is equivalent to the inflated purchase price. Id. at 1631. There may of course be a loss if the price subsequently drops and the purchaser sells, however, the inflated price must be causally connected to the misrepresentations and the price drop must be as a consequence of the truth reaching the market. Id. In Dura Pharmaceuticals, it was clear from the complaint that prices subsequently dropped, but plaintiffs failed to allege that drop occurred after the truth became known and failed to establish a causal connection between the two events, resting only on the allegation of an inflated price. Id. at 1634. As such, the complaint was deficient.

It is important to note, however, that while inflated prices and the mere existence of a misrepresentation are not enough to properly plead a securities law violation, the Supreme Court made it clear that there is no heightened pleading standard for allegations regarding economic loss and causation. A plaintiff need only "provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." Id.

Defendants argue, based on Dura Pharmaceuticals, that Plaintiffs' allegations regarding an inflated purchase price and causation are insufficient as a matter of law. Plaintiffs respond by distinguishing Dura Pharmaceuticals on the facts, arguing that they have alleged not only an inflated price and a price drop, but that the inflated prices were caused by the misrepresentations and that the price drop was causally connected to the truth reaching the market. Pl. Mem. Opp.

Mot. to Dismiss at 4-6 (summarizing allegations in the Amended Complaint).  Plaintiffs therefore do not rely solely on the allegation of an inflated price and a misrepresentation, rather they indicate their intention to prove a subsequent price drop that was causally connected to the truth reaching the market.  Considered as such, these allegations meet the pleading requirement set forth in Dura Pharmaceuticals, 125 S. Ct. at 1634.

However, Defendants present evidence that prices returned to the pre-disclosure trading price on January 12, 2004 shortly after the class period ending in October, 2003.  Def. Mem. Supp. Mot. at 9-11.[3]  Furthermore, Defendants' brief points out the lack of any allegation of a sale during the class period which would have realized the economic loss.  Def. Mem. Supp. Mot. at 15-16.  Plaintiffs point to no allegation of a sale in the Amended Complaint.[4]  Plaintiffs choose instead to rely solely on an inference of economic loss based on the price drop.  See Pl. Mem. Opp. Mot. at 7-8 (arguing that all they need plead is a causal connection between the misrepresentation and the price drop).  Defendants' information negates that inference.[5]

While a sale is not necessary or the only way a plaintiff could plead economic loss under

---

[3] The Court may take judicial notice of publicized stock prices without converting a motion to dismiss into summary judgment.  See Ganino v. Citizens Utils. Co., 228 F.3d 154, 167 n.8 (2d Cir. 2000) (stock prices were not attached to the complaint or incorporated by reference, but judicial notice was permitted); Frazier v. Vitalworks, Inc., 341 F. Supp. 2d 142, 162 n.9 (D. Conn. 2004) ("The Court takes judicial notice of [] published stock prices").

[4] Plaintiff points to an attachment to Defendants Memorandum alleging a sale.  Pl. Mem. Opp. Mot. at 12; citing Def. Mem. Supp. Mot. at Tab 4.  There is no indication that this allegation was included in the Complaint or is otherwise properly considered here and will not therefore be accepted as allegation of a sale.

[5] The Court does not accept Defendants' theory that this also negates the causal connection between the misrepresentation and price decline.  See e.g. Def. Reply Br. at 8-9.  Defendants' argument is a competing theory of causation and raises factual questions not suitable for resolution on a motion to dismiss.  See Manning v. Utilities Mut. Ins. Co., Inc., 254 F.3d 387, 390 n.1 (2d Cir. 2001) (All facts in the complaint are assumed to be true and are considered in the light most favorable to the non-movant).

the circumstances, see 15 U.S.C. § 78u-4(e) (allowing for plaintiff to hold shares past 90-day period), a price fluctuation without any realization of an economic loss is functionally equivalent to the Supreme Court's rejection of an artificially inflated purchase price alone as economic loss. If the current value is commensurate to the purchase prices, there is no loss, regardless of whether the purchase price was artificially inflated.  Thus, under the circumstances, Plaintiffs' allegations of an economic loss are insufficient when considered in conjunction with the evidence of price recovery.  Defendants' Motion is **granted**.

Defendants request that the Complaint be dismissed with prejudice.  Def. Mem. Supp. Mot. at 16-18.  Conversely, Plaintiffs request permission to amend any deficiencies found.  Pl. Mem. Opp. Mot. at 12-13.  There is no basis to grant Defendants' request.  The merits of any motion to amend, however, will be addressed once that motion is properly before the Court.

### IV.  CONCLUSION:

For the reasons stated herein, Defendants' Motion to Dismiss [Doc. No. 99] is **granted**. As a consequence, Defendants' earlier filed Motion to Dismiss [Doc. No. 77] is **denied** as moot without prejudice to renew, if necessary.  Plaintiffs are given thirty days (30) from the date of this Ruling to move to amend the Complaint.  Should they fail to do so, the Clerk will close the file.

SO ORDERED.

Dated at New Haven, Connecticut, August  26 , 2005.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court