# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| HAROLD MALIN and SANDRA JOAN MALIN REVOCABLE TRUST, Individually and On Behalf of Others Similarly Situated, Plaintiffs, vs. XL CAPITAL LTD., et al., Defendants. | : : : : : : : Civil No. 3:03cv2001 (PCD) : : : |

## RULING ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants XL Capital Ltd. ("XL"), Brian M. O'Hara, Jerry de St. Paer, Ronald L. Bornhuetter, Nicholas M. Brown, Jr., and Henry Charles V. Keeling (collectively, "Defendants") move, pursuant to Federal Rule of Civil Procedure 26(c), for a protective order. Plaintiffs oppose Defendants' motion. For the reasons that follow, Defendants' Motion for a Protective Order [Doc. No. 141] is **granted**.

## I. BACKGROUND

This is a securities class action suit brought on behalf of purchasers of XL publicly traded securities from November 1, 2001 through October 16, 2003 (the "Class Period") against XL and several of its executive officers: Brian M. O'Hara, Jerry de St. Paer, Ronald L. Bornhuetter, Nicholas M. Brown, Jr., and Henry Charles V. Keeling. Plaintiffs bring this action alleging violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") and Rule 10b-5 promulgated thereunder. The crux of Plaintiffs' allegations is that Defendants knowingly issued false and misleading statements regarding the Company's financial condition

by failing to adequately reserve for losses in its "NAC Re"[1] reinsurance operations. As a consequence of these misrepresentations, securities shares sold at artificially inflated prices which later fell after the truth became known to the market.

Defendants filed a motion to dismiss, asking this Court, pursuant to 15 U.S.C. § 78u-4(b)(3)(A) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), to dismiss the Second Amended Class Action Complaint (the "SAC") for violations of the Federal Securities Laws on the ground that the SAC fails to satisfy the pleading requirements of the PLSRA. Subsequent to the filing of Defendants' motion, Plaintiffs moved to strike certain documents and exhibits proffered in support of Defendants' Motion to Dismiss.

On December 15, 2006, this Court entered an Order (the "Order") granting in part and denying in part Plaintiffs' Motion to Strike. Specifically, the Court stated:

> Upon review of the parties' briefs submitted in support of and in opposition to the Motion to Strike, the Court finds that there is additional material, beyond documents which have been incorporated by reference into the Second Amended Class Action Complaint or matters of which judicial notice may be taken, that should be considered. Accordingly, it is proper to treat Defendants' Motion to Dismiss as one for summary judgment under Federal Rule of Civil Procedure 56. See Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991). The parties are entitled to an opportunity to conduct limited discovery and to submit supplemental material to the Court after discovery has closed. The parties shall conduct all discovery pertinent to this motion by March 2, 2007, and shall submit any additional briefing and evidentiary material necessary to the resolution of the motion by March 30, 2007.

(Order 1-2, Dec. 15, 2006, Doc. No. 138.) The Court therefore denied Defendants' Motion to Dismiss without prejudice to its renewal at the conclusion of discovery.

On December 28, 2006, Plaintiffs served Defendants with Plaintiffs' First Set of Requests

---

[1] "NAC Re" refers to XL's United States reinsurance operation, which during the Class Period was also known as "XL Re America," "XL Reinsurance America," and "XLRA."

for Production of Documents and a Rule 30(b)(6) deposition request. (Pl.'s First Set of Requests for Prod. of Docs., Ex. A[2]; Notice of Dep., Ex. B.) Also on December 28, 2006, Plaintiffs served the State of New York Insurance Department ("NYID") with a subpoena for production of documents. (Ex. D.) On January 3, 2007, Plaintiffs served A.M. Best Company, Inc., Standard & Poors, Fitch Ratings, Inc., and Moody's with subpoenas for production of documents, (Exs. C, E, F, G), and served PricewaterhouseCoopers LLP ("PwC"), XL's auditor, with a subpoena for production of documents, (Ex. H). On January 4, 2007, Plaintiffs served Tillinghast Towers Perrin ("Tillinghast") with a subpoena for production of documents. (Ex. I.)

On January 12, 2007, the parties engaged in a conference call to discuss Plaintiffs' document requests, notice of deposition and third-party subpoenas. During the call, Defendants stated that they believed that this Court's Order limited discovery solely to information which would help determine the admissibility of the documents submitted by Defendants in support of their Motion to Dismiss and whether or not the documents are matters of which the Court may take judicial notice. (See Oliver Decl. ¶ 2, Jan. 24, 2007, Doc. No. 145.[3]) On that same day, Defendants served Plaintiffs with their motion for protective order.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(c) permits a district court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or

---

[2] Thomas D. Goldberg, Esq., a member of the firm of Day Pitney LLP, counsel for Defendants, submitted a declaration in support of Defendants' Motion for a Protective Order with exhibits attached. Unless otherwise noted, all "Ex." references are to the exhibits to the Goldberg Declaration.

[3] James W. Oliver, Esq., is associated with the law firm Lerach Coughlin Stoia Geller Rudman & Robbins, one of the counsel of record for Plaintiffs in the instant action. He submitted a declaration in support of Plaintiffs' Opposition to Defendants' Motion for a Protective Order.

undue burden or expense, including . . . : (1) that the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; [and/or] (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters." Fed. R. Civ. P. 26(c)(1)-(4). The moving party bears the burden of establishing "good cause" to obtain a protective order pursuant to Rule 26. Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004).

### III. DISCUSSION

Defendants' motion for a protective order is predicated on the following grounds, as set forth in their motion:

1. Plaintiffs have interpreted the Court's express grant of "limited discovery . . . pertinent to this motion" in its December 15, 2006 Order ("Order") as authorizing full-merits discovery against Defendants and non-parties, including four rating agencies, PricewaterhouseCoopers, Tillinghast, Towers Perrin and the New York Insurance Department.

2. The Order was entered to facilitate the Court's consideration of a motion to dismiss filed under the Private Securities Litigation Reform Act of 1995, which prohibits discovery pending the final determination of such a motion, except for "particularized discovery" needed to prevent undue prejudice to a party. 15 U.S.C. § 78u-4(b)(3)(B).

3. The discovery contemplated by the Order is solely that needed to determine whether the exhibits to Defendants' motion to dismiss, as to which plaintiffs' motion to strike was granted in part, were in fact incorporated by reference into the Second Amended Class Action Complaint or are matters of which judicial notice may be taken. If so, they can be re-filed in support of Defendants' renewed motion to dismiss; if not, they may not be so re-filed.

4. Accordingly, Defendants move for a protective order striking Plaintiffs' First Set of Requests for Production of Documents to Defendants and Plaintiffs'

4

>       Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) to Defendant XL Capital Ltd, and limiting discovery to determine whether the exhibits as to which the Court granted plaintiffs' motion to strike were incorporated by reference into the Second Amended Class Action Complaint or are matters of which judicial notice may be taken, *i.e.*, are matters which meet the requirements of Rule 201 of the Federal Rules of Evidence.
>
> 5.    Defendants suggest that, pursuant to Rule 16(a)(2), (a)(3) and (c)(6) of the Federal Rules of Civil Procedure, the Court might consider holding a discovery conference to provide guidance from the Court. This would help assure that the limited discovery contemplated by the Order will be completed by March 2, 2007.

(Defs.' Mot. Prot. Order 1-2.)

The Court will treat Defendants' motion as both a motion for reconsideration and a motion for a protective order. Plaintiffs interpreted this Court's Order correctly, however, upon review of the authority cited by Defendants, the Court finds it proper to revise the prior Order.

The mandatory stay provision of the PSLRA provides that:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B). The legislative history indicates that this provision was enacted in part in an effort to curb widespread abuse of the discovery system by overzealous plaintiffs and plaintiffs' attorneys in securities class action suits. Congress noted the Supreme Court's recognition that "litigation under Rule 10b-5 presents a danger of vexatiousness different in degree and in kind from that which accompanies litigation in general." S. Rep. No. 104-98 (1995), at p. 6, <u>reprinted in</u> 1995 U.S.C.C.A.N. 679, 685. With regard to discovery abuses, Congress found that "plaintiffs sometimes file frivolous lawsuits in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint," noting that "discovery in

securities class actions resembles a fishing expedition." Id. at 14. Because of the high costs of discovery, which can force defendants to settle meritless securities class actions, Congress "determined that discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint." Id. Therefore, "[c]ourts should stay all discovery pending a ruling on a motion to dismiss a securities class action, except in the exceptional circumstance where particularized discovery is necessary to preserve evidence or to prevent undue prejudice to a party." Id.

"In view of the policy of the PSLRA to deny discovery until a complaint has been authoritatively sustained by the court," In re Salomon Analyst Litig., 373 F. Supp. 2d 252, 256 (S.D.N.Y. 2005), it is appropriate to extend the stay of discovery until Defendants' Motion to Dismiss has been decided on the merits. Therefore, the discovery permitted by this Court's Order shall be limited to that discovery necessary to a determination of whether the exhibits submitted in support of Defendants' Motion to Dismiss were incorporated by reference into the SAC or are matters of which judicial notice may be taken.

In their Motion for a Protective Order, Defendants note that "many of the documents they submitted with the motion to dismiss are not essential to that motion," and indicated that they may agree not to resubmit certain documents with their renewed motion to dismiss. (See Defs.' Mem. Supp. Mot. Prot. Order 7.) In that vein, Defendants should only submit "essential" documents in support of their renewed motion to dismiss and shall clearly note which documents they are relying on for the truth of the matters asserted therein.[4] The parties should try to come to

---

4  Defendants submitted approximately forty documents in support of their motion to dismiss. The only documents that may properly be considered on a motion to dismiss are those that are attached to, relied on, integral to or incorporated by reference in Plaintiffs' SAC, public disclosure

6

a resolution as to which documents may properly be considered. If necessary, however, Plaintiffs may file a motion to strike along with its opposition to Defendants' renewed motion to dismiss. In all other respects, the prior Order stands. Defendants shall file a renewed motion to dismiss on or before March 30, 2007.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for a Protective Order [Doc. No. 141] is **granted**.

SO ORDERED.

Dated at New Haven, Connecticut, February  6 , 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court

---

documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence. In re Merrill Lynch & Co. Research Reports Sec. Litig., 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003), aff'd on other grounds, Lentell v. Merrill Lynch & Co., Inc., 396 F.3d 161 (2d Cir. 2005), cert. denied, 126 S. Ct. 421 (2005).