07-3749-cv
*Malin v. XL Capital, Ltd.*

**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5TH day of March, two thousand nine.

PRESENT:

JOSÉ A. CABRANES,
RICHARD C. WESLEY,
*Circuit Judges,*
EDWARD R. KORMAN,
*District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HAROLD MALIN, individually and on behalf of all
others similarly situated, and the SANDRA
JOAN MALIN REVOCABLE TRUST,
individually and on behalf of all others
similarly situated,

*Plaintiffs-Appellants,*

ALASKA IRONWORKERS PENSION TRUST,

*Lead Plaintiff-Appellant,*

-v.-                                                        No. 07-3749-cv

XL CAPITAL, LTD., BRIAN M. O'HARA,
JERRY DE ST. PAER, RONALD L.
BORNHUETTER, HENRY
CHARLES V. KEELING,
and NICHOLAS M. BROWN, JR.,

*Defendants-Appellees.***

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**[...] end the official caption in this case to conform to the listing of parties

ISSUED AS MANDATE:                 MAR 2 3 2009

**COUNSEL FOR APPELLANTS:**    SUSAN K. ALEXANDER (Sanford Svetcov, Shawn A. Williams, Eli R. Greenstein, and James W. Oliver *on the brief*), Coughlin Stoia Geller Rudman & Robbins LLP, San Francisco, CA.

**COUNSEL FOR APPELLEES:**    HOWARD G. SLOANE (Thorn Rosenthal, David G. Januszewski, and Roy Regozin *on the brief*), Cahill Gordon & Reindel LLP, New York, NY, *for Defendants-Appellees XL Capital, Ltd., Brian M. O'Hara, Jerry de St. Paer, Henry Charles V. Keeling, and Nicholas M. Brown, Jr.*

Peter N. Wang (Jeremy Wallison *on the brief*), Foley & Lardner LLP, New York, NY, *for Defendant-Appellee Ronald L. Bornhuetter.*

Appeal from a judgment of the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the final order of the District Court is **AFFIRMED**.

This is an appeal from a judgment of the District Court, entered August 2, 2007, dismissing plaintiffs' Second Amended Complaint ("SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to adequately plead scienter. Plaintiffs offer two arguments on appeal: (1) the SAC adequately sets forth particularized allegations of scienter; and (2) even if the allegations in the SAC were too general, the problems could be cured in a third amended complaint. We assume the parties' familiarity with the facts and procedural history of this case.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We review a denial of leave to replead for abuse of discretion. *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citations and quotation marks omitted)).

We agree with the District Court that plaintiffs have failed to plead scienter with the degree of particularity required by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(2) (requiring plaintiffs to "state with particularity facts giving rise to a strong inference that defendant acted with the required state of mind"), and affirm the dismissal of the complaint for substantially the reasons explained by the District Court in its Opinion dated July 21, 2007. *See Malin v. XL Capital, Ltd.*, 499 F. Supp. 2d 117 (D. Conn. 2007).

We note that, contrary to plaintiffs' assertion on appeal that the District Court did not consider its allegations collectively, as required by *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. __, 127 S. Ct. 2499, 2509 (2007), the District Court discussed all of the allegations serially—one at a time—and concluded, "Plaintiffs' allegations are insufficient to establish conscious misbehavior or recklessness. . . . Plaintiffs cannot establish scienter by combining inadequate allegations of motive

2

with inadequate allegations of recklessness." *Malin*, 499 F. Supp. 2d at 165 (internal quotation marks omitted). This conclusion does not conflict with *Tellabs*. Moreover, having concluded that none of plaintiffs' allegations showed even a weak inference of scienter, there is no logical way that the District Court could then have determined that the combined effect of the allegations would form a *strong* inference of scienter. *Cf. In re Carter-Wallace, Inc. Sec. Litig.*, No. 94 Civ. 5704, 1999 U.S. Dist. LEXIS 17526, at *18 (S.D.N.Y. Nov. 9, 1999) ("Four cubic zirconias will never add up to one real diamond and neither will four generic motives add up to one or more specific motives."), *aff'd*, 220 F.3d 36 (2d Cir. 2000). We also note that, contrary to plaintiffs' assertions on appeal, the District Court indeed assessed plaintiffs' claims based on a theory of recklessness. *See, e.g., Malin*, 499 F. Supp. 2d at 165 ("Plaintiffs' allegations are insufficient to establish conscious misbehavior or recklessness. Specifically, Plaintiffs have failed to show that Defendants engaged in conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it."(internal quotation marks omitted)).

We turn to the matter of leave to replead. Although we have instructed district courts to provide some explanation of futility when denying a motion for leave to amend a complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, *see, e.g., Ronzani v. Sanofi S.A.*, 899 F.2d 195, 199 (2d Cir. 1990) (remanding where the district court did not provide an explanation for its denial of leave to amend where the appellate record did not permit an independent determination of futility), we have not required district courts to provided detailed explanations when denying cursory or boilerplate requests for this form of discretionary relief, made solely in a memorandum in opposition to a motion to dismiss, *see In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("It is within the [district] court's discretion to deny leave to amend implicitly by not addressing the request [for leave to amend] when leave is requested informally in a brief filed in opposition to a motion to dismiss."). In this case, the District Court did not deny a motion for leave to amend because plaintiffs never made one, nor did the District Court ever state that plaintiffs' complaint was dismissed "with prejudice." Plaintiffs included a single sentence at the conclusion of their Memorandum in Opposition to the motion to dismiss requesting leave to amend in the event the District Court granted the motion. They did not proffer an amended pleading (nor have they proffered one in an appendix in this appeal) and did not file a motion for leave to amend between the date the District Court granted the motion to dismiss (July 21, 2007) and entered judgment (August 2, 2007). Under these circumstances, it was not legal error for the District Court to direct the clerk to close the case. *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d at 220.

## CONCLUSION

We have considered all of plaintiffs' arguments and found each of them to be without merit. We therefore **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk

By _[signature]_

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by _[signature]_
DEPUTY CLERK

3